IN THE CIRCUIT COURT OF PRINCE GEORGE'S COUNTY, MARYLAND

D'YOR GILES, a minor, by her mother and
next friend, CIARA HODGE
1494 Douglas Street, N.E.,
Washington, D.C. 20018

And

CIARA HODGE, individually
1494 Douglas Street, N.E.,
Washington, D.C. 20018

      Plaintiffs,

v.

SIX FLAGS AMERICA LP
13710 Central Avenue
Bowie, MD 20721

Serve on:

CSC-Lawyers Incorporating Service Company
7 St. Paul Street, Suite 820
Baltimore, MD 21202

      Defendant.

Civil Action No: CAL20-12491

## COMPLAINT

(Personal Injury-Negligence)

COME NOW the Plaintiffs, D'Yor Giles, a minor, by her mother and next friend, Ciara Hodge, and Ciara Hodge individually, and by and through their counsel, Allia Borowski, Edward Norwind, and the law firm of Karp, Wigodsky, Norwind, Kudel & Gold, P.A., and respectfully represents as follows:

Exhibit 3

## Jurisdiction and Factual Background

1. This Court has jurisdiction over this matter because the incident giving rise to this cause of action (hereinafter referred to as "the incident") occurred in the State of Maryland. This Court has jurisdiction over the Defendant Six Flags America LP (hereinafter referred to as "Six Flags") pursuant to Maryland Code § 6-103(b)(1) and/or § 6-103(b)(2), § 6-103(b)(3), and § 6-103(b)(5) because the Defendant: (1) caused tortious injury in Maryland by an act or omission in Maryland; and/or (2) transacted business in Maryland; and/or (3) had an interest in, used, or possessed real property in Maryland; and/or (4) contracted to supply services in Maryland.

2. Venue is proper because the incident occurred in Prince George's County, Maryland.

3. D'Yor Giles (hereinafter referred to as "the minor Plaintiff") is a thirteen (13)-year-old minor who resides with her mother, Ciara Hodge (hereinafter referred to as "the parent Plaintiff"), in the District of Columbia.

4. Upon information and belief, Six Flags is a limited partnership organized and existing under the laws of the State of Maryland with its principal office located at 13710 Central Avenue in Bowie, MD.

5. At all relevant times, Six Flags owned and/or operated an amusement park located at 13710 Central Avenue in Bowie, MD (hereinafter referred to as "the amusement park").

6. At all relevant times, the minor Plaintiff was a business invitee and a patron of the amusement park.

7. At all relevant times, the minor Plaintiff paid a ticket fee to Six Flags in exchange for entrance to the amusement park.

8. At all relevant times, the minor Plaintiff was lawfully on the premises of the amusement park at the express or implied invitation of Six Flags.

9. At all relevant times, the minor Plaintiff was attending a special event at the amusement park dubbed "Fright Fest" featuring Halloween themed attractions (hereinafter referred to as "Fright Fest"), including live actors outfitted in Horror-themed costumes, such as ghouls, zombies, and monsters (hereinafter referred to as "the costumed actors"). The costumed actors were employed by Six Flags to entertain patrons of the amusement park by providing a frightful experience.

10. Upon information and belief, Six Flags trained the costumed actors to frighten and startle patrons, e.g., by lunging out from behind shadows and hiding places, stalking patrons, glaring at patrons with creepy glances, and chasing them. However, costumed actors at Fright Fest were not supposed to touch patrons.

11. At all relevant times, Six Flags had a Fright Fest policy published on its website clarifying that, "While our actors will do everything they can to frighten you, they will never touch you."

12. On or about October 5, 2019, at approximately 6:25 p.m., the minor Plaintiff (then age 12), accompanied by several friends, was attending Fright Fest at the amusement park at the invitation of Six Flags.

13. At that place and time, the minor Plaintiff, whose handbag had broken, was standing still while attempting to fix her handbag.

14. At that place and time, one of the costumed actors (hereinafter referred to as "the negligent actor") approached the minor Plaintiff from behind.

15. Suddenly and without warning, the negligent actor breached the minor Plaintiff's intimate personal space by advancing to such a close proximity as to almost touch her. Startled, the minor Plaintiff turned around to face the negligent actor, at which point, the person of the negligent actor made physical contact with the minor Plaintiff's body.

16. When the minor Plaintiff turned around to face the negligent actor, she remained in her own personal space, and did not advance towards the negligent actor.

17. When the minor Plaintiff turned around to face the negligent actor, the negligent actor was already so close to her that the mere act of the minor Plaintiff turning around resulted in the negligent actor making physical contact with the minor Plaintiff's body.

18. When the negligent actor made physical contact with the minor Plaintiff's body, a sharp protrusion or surface on the costume of the negligent actor (hereinafter referred to as "the sharp edge") cut the minor Plaintiff's face near her left eye, resulting in immediate and profuse bleeding.

19. As a direct and proximate result of the incident, the minor Plaintiff suffered a laceration to her left eyelid which required stitches. She also suffered an infection of the wound, resulting in pain, swelling, discharge/drainage, and redness. She has suffered a permanent scar on her face, and may require future plastic surgery for revision of the scar. The parent Plaintiff has incurred and/or will in the future incur medical, hospital, surgical and other expenses for the treatment of the minor Plaintiff's injuries, as well as transportation and other costs relating to the care and treatment of the minor Plaintiff's injuries. The minor

Plaintiff has suffered, and will in the future suffer, pain and permanent disfigurement. The minor Plaintiff has been damaged in other ways.

## COUNT I

### (Negligence)

20. Paragraphs 1-19 of this Complaint are re-alleged and incorporated by reference herein.

21. The sharp edge was a hazardous and dangerous condition on the negligent actor's costume and within the amusement park.

22. At all relevant times, Six Flags owed a duty to the minor Plaintiff, a business invitee and a person lawfully on the premises, to use reasonable or ordinary care to properly train and supervise the costumed actors, including the negligent actor, not to touch the Fright Fest patrons, such as the minor Plaintiff, and to avoid injuring her.

23. At all relevant times, Six Flags also owed a duty to the minor Plaintiff to use reasonable or ordinary care to properly train and supervise the costumed actors, including the negligent actor, not to invade the personal space of the patrons with such close proximity as to create an unreasonable danger that physical contact would result.

24. At all relevant times, Six Flags also owed a duty to the minor Plaintiff to use reasonable or ordinary care to maintain or to keep the amusement park, including the costumes worn by the costumed actors at Fright Fest, in a reasonably safe condition for patrons of the amusement park such as the minor Plaintiff, and to avoid injuring the minor Plaintiff.

25. At all relevant times, Six Flags also owed a duty to the minor Plaintiff to use reasonable or ordinary care to inspect the costumes worn by the costumed actors at Fright Fest for the presence of dangerous conditions such as the sharp edge which could have been discovered in the exercise of reasonable care.

26. Six Flags knew, or should have known, of the dangerous condition posed by the existence of the sharp edge on the costume of the negligent actor.

27. Said dangerous condition was not known or readily apparent to the minor Plaintiff.

28. The minor Plaintiff did not consent to be touched by the negligent actor.

29. The incident in question and all of the minor Plaintiff's resulting injuries and damages were caused by the negligence of Six Flags, acting through its employees or agents or both. Six Flags violated its duties owed to the minor Plaintiff by negligently: a) touching the minor Plaintiff's face with the sharp edge; b) failing to use reasonable or ordinary care to avoid injuring the minor Plaintiff; c) failing to use reasonable or ordinary care to maintain or to keep the costumes worn by the costumed actors at Fright Fest in a reasonably safe condition and free of hazardous conditions such as the sharp edge; d) failing to use reasonable or ordinary care to inspect the costumes worn by the costumed actors at Fright Fest for hazardous conditions such as the sharp edge which could have been discovered in the exercise of reasonable care; and e) failing to properly train and/or supervise the negligent actor, and to prevent the negligent actor from touching the minor Plaintiff, in violation of statutes, regulations and rules in effect at the time in the State of Maryland.

30. Six Flags also negligently hired, trained, supervised and/or retained the negligent actor.

31. Six Flags also negligently violated its own policy of never touching the patrons at Fright Fest.

32. Six Flags was negligent in other ways.

33. The negligent conduct of Six Flags made it likely that serious harm would result to persons lawfully at the amusement park, such as the minor Plaintiff.

34. The minor Plaintiff was neither contributorily negligent nor did she assume the risk of her injuries.

35. As a direct and proximate result of the aforesaid negligence, the minor Plaintiff suffered the damages identified in paragraph 19 of this Complaint.

WHEREFORE, Plaintiff D'Yor Giles, a minor, by her mother and next friend, Ciara Hodge, demands judgment against Defendant Six Flags America LP in an amount exceeding $75,000 in compensatory damages, plus interest and costs.

## COUNT TWO

### (Claim for Medical Expenses)

36. Paragraphs 1-35 of this Complaint are re-alleged and incorporated by reference herein.

37. The parent Plaintiff is the mother and legal guardian of the minor Plaintiff, and is charged with the support, care, nurture, and welfare of her minor daughter.

38. As a direct and proximate result of the aforesaid negligence of Six Flags, the parent Plaintiff incurred the medical expenses and other related expenses identified in paragraph 19 of this Complaint.

WHEREFORE, Plaintiff Ciara Hodge, individually, demands judgment against Defendant Six Flags America LP in an amount exceeding $75,000 in compensatory damages, plus interest and costs.

Respectfully submitted,

**KARP, WIGODSKY, NORWIND, KUDEL & GOLD, P.A.**

*/s/ Allia Borowski*

Edward Norwind, Esq.
Allia Borowski, Esq.
2273 Research Boulevard, Suite 200
Rockville, Maryland 20850
lnorwind@karplawfirm.net
allia@karplawfirm.net
301-948-3800 - phone
*Counsel for the Plaintiffs*

### DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury of all issues so triable.

*/s/ Edward L. Norwind*
Edward L. Norwind